UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEEPER OF THE WORD
FOUNDATION, *et al.*,

    Appellants,

v.

CHARLES H. BROWN TRUST, *et al.*,

    Appellees.
_____/

Case No. 17-cv-11660
Hon. Matthew F. Leitman

## ORDER AFFIRMING BANKRUPTCY COURT'S APRIL 25, 2017, ORDER ASSESSING SANCTIONS AGAINST APPELLANTS

This appeal arises out of an adversary proceeding in the Chapter 7 Bankruptcy of Debtor Gregory Reed. In that proceeding, the Bankruptcy Court entered an order imposing sanctions (the "Sanctions Order") on Appellants Reed, Keeper of the Word Foundation ("KWF"), Mic-Arian Corporation ("MAC"), the Gregory J. Reed Scholarship Foundation ("the Scholarship Foundation"), James Harris, and the Law Offices of James Harris (the "Harris Law Office"). (For ease of reference, the Court will refer to all of the Appellants except for Reed as the "Reed Affiliates.") Reed and the Reed Affiliates now appeal the Sanctions Order. (*See* ECF #1.) For the reasons explained below, the Sanctions Order is **AFFIRMED**.

1

# I

Reed filed for bankruptcy under Chapter 7 of the Bankruptcy Code on August 28, 2014. On December 17, 2015, the Bankruptcy Court entered an order in which it held, among other things, that (1) certain assets in KWF's possession were property of Reed's bankruptcy estate and (2) KWF needed to turnover the assets to the estate's Trustee, Kenneth Nathan (the "Turnover Order"). Those assets included a 50-percent interest in real property located at 1201-1209 Bagley in Detroit, Michigan (the "Bagley Property"). KWF appealed the Turnover Order to this Court, and this Court affirmed. *See Reed v. Nathan*, 558 B.R. 800 (E.D. Mich. 2016), *aff'd,* No. 16-2685 (6th Cir. Sept. 7, 2017).

In August 2016, the Bankruptcy Court authorized Nathan to employ Dwellings Unlimited, LLC ("Dwellings") as a real estate broker to market and sell the Bagley Property. Nathan and the co-owner of the Bagley Property, the Charles H. Brown Trust (the "Trust"), eventually agreed to sell the property, and the Bankruptcy Court entered an order authorizing the sale.

Thereafter, KWF, MAC, and the Scholarship Foundation filed an action against, among others, Dwellings, the Trust, and the Brown Companies ("BC") in the Wayne County Circuit Court seeking to stop the sale of the Bagley Property and partition that property. Harris and the Harris Law Office represented KWF, MAC, and the Scholarship Foundation in that state-court action.

Dwellings, the Trust, and BC removed the state-court action to the Bankruptcy Court, and it was assigned adversary proceeding case number 17-04125. KWF, MAC, and the Scholarship Foundation objected to the removal. The Bankruptcy Court overruled that objection, retained jurisdiction, and declined to remand to state court.

On March 6, 2017, Dwellings, the Trust, and BC served Reed and the Reed Affiliates with a "safe harbor" letter and draft sanctions motion pursuant to Bankruptcy Rule 9011.[1] (*See* ECF #3 at Pg. ID 210.) In the "safe harbor" letter, Dwellings, the Trust, and BC said that if the Complaint was not withdrawn, they would file the sanctions motion in the Bankruptcy Court. (*See id.*) Neither Reed nor the Reed Affiliates responded to the "safe harbor" letter, and the Complaint was never withdrawn.

Dwellings, the Trust, and BC then filed two motions in the Bankruptcy Court: (1) a motion to dismiss the Complaint and (2) a motion to impose sanctions against Reed and the Reed Affiliates. The Reed Affiliates were served with the two motions through the Bankruptcy Court's electronic filing system. However, Reed was not a named party to, nor counsel in, the adversary proceeding, and thus he did not receive the motions through the Bankruptcy Court's electronic filing system. And

---

[1] Dwellings, the Trust, and BC served the "safe harbor" letter and draft sanctions motion on Reed personally even though he was not a party to the underlying adversary proceeding.

3

Dwellings, the Trust, and BC did not personally send either of the motions to Reed by regular mail or otherwise. Neither Reed nor the Reed Affiliates filed any response to the motion to dismiss or the motion for sanctions.

On April 25, 2017, the Bankruptcy Court entered two orders granting the motions: an order dismissing the Complaint in the adversary proceeding and the Sanctions Order. In the Sanctions Order, the Bankruptcy Court awarded Dwellings, the Trust, and BC "all reasonable attorney fees and expenses in the prosecution of their sanctions motion." (ECF #3 at Pg. ID 203.) The Bankruptcy Court issued these sanctions against Reed and the Reed Affiliates "jointly and severally." (*Id.* at Pg. ID 204.) The Sanctions Order further reflected the Bankruptcy Court's belief that Reed had "been served" with the sanctions motion. (*Id.* at Pg. ID 202.)

The Reed Affiliates were served with the Sanctions Order through the Bankruptcy Court's electronic filing system. However, because Reed was not a named party to, nor counsel in, the adversary proceeding, he did not receive electronic service of the Sanctions Order through the court's system. Instead, counsel for Dwellings, the Trust, and BC mailed the Sanctions Order to Reed on April 26, 2017. (*See* adversary proceeding at Dkt. #30.)

On May 9, 2017, the Reed Affiliates filed objections to the Bankruptcy Court's two orders, and Reed filed a separate objection to the orders. The

4

Bankruptcy Court overruled the objections in written orders entered on May 15, 2017.

Reed and the Reed Affiliates timely appealed the Sanctions Order to this Court. (*See* ECF #1.)

## II

The Reed Affiliates argue that the Bankruptcy Court erred when it entered it sanctions against them. The Court disagrees.

The Reed Affiliates were each directly served with the sanctions motion. Yet they did not file any response to that motion. And they have not shown that the Bankruptcy Court erred when it granted the unopposed motion. Nor have the Reed Affiliates established that the Bankruptcy Court should have sustained their objection to the Sanctions Order. They simply have not shown any error in the Bankruptcy Court's decisions with respect to that order.

On appeal, the Reed Affiliates attempt to excuse their failure to respond to the sanctions motion. They argue that they did not believe they needed to respond to the motion because the motion used the wrong case number on the caption of the motion, and they assumed that the Bankruptcy Court would strike the motion due to that error.

But the Reed Affiliates never asked the Bankruptcy Court to strike the motion, and the Bankruptcy Court never did so. Moreover, the Reed Affiliates cite no

authority to support their assertion that a party may reasonably decline to respond to a pending motion based upon the party's own assumption that the motion will be stricken.

Furthermore, the error on the case caption was immaterial. The sanctions motion listed the correct parties and correct court. However, there was a minor error in one of two case numbers listed in the caption of the motion. Those two case numbers were: the number assigned to Reed's bankruptcy and the number assigned to the adversary proceeding in which the sanctions were sought. The number listed for the adversary proceeding was correct. And the number for Reed's bankruptcy was off by only a single digit – Dwellings, the Trust, and BC listed the bankruptcy case number as 14-**4**3838 instead of 14-**5**3838. Importantly, the Bankruptcy Court's electronic filing system delivered the motion to the Reed Affiliates with a document trailer at the bottom of each page that clearly identified the motion as having been filed in the adversary proceeding. Under these circumstances, the Reed Affiliates could not have had any uncertainty as to the proceeding in which the motion was filed. They had to have known, or reasonably should have known, that the motion was filed in the adversary proceeding. They had no justification for ignoring the sanctions motion and assuming that the Bankruptcy Court would ultimately strike that motion.

The Reed Affiliates also argue on appeal that the Bankruptcy Court erred when it concluded that Dwellings, the Trust, and BC had complied with the 21-day "safe harbor" rule included in Bankruptcy Rule 9011. The Court disagrees. Under Rule 9011, a "motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Bankr. R. 9011(c)(1)(A). Here, Dwellings, the Trust, and BC served the Reed Affiliates with a "safe harbor" letter and draft sanctions motion on March 6, 2017. (*See* ECF #3 at Pg. ID 210.) Thereafter, the Complaint was not withdrawn, and more than 21 days later, on April 4, 2017, Dwellings, the Trust, and BC filed their motion for sanctions. That filing complied with the Rule 9011 "safe harbor" provision, and the Bankruptcy Court did not enter sanctions in violation of that rule.

### III

Reed attacks the Sanctions Order on the same grounds as the Reed Affiliates and on one additional ground – that the Bankruptcy Court should not have granted the Sanctions Motion against him because he was not served with the motion and because he was neither a party to, nor counsel in, the adversary proceeding. The Court concludes that the Bankruptcy Court properly sanctioned Reed.

7

First, to the extent that Reed's arguments on appeal mirror those presented by the Reed Affiliates, the Court rejects them for the reasons explained above.

Second, while Reed was not served personally with the sanctions motion, service on one of the Reed Affiliates, KWF, amounted to service on Reed. That is because the Bankruptcy Court has already determined – and this Court has affirmed – that Reed so dominated KWF and so extensively used its assets as his own that KWF is effectively Reed's alter ego. *See Reed*, 558 B.R. at 807, 816-17 (citing *In Re: Reed*, Case No. 14-5838, Dkt. #344 at 31-32 (E.D. Mich. Bankr. Dec. 17, 2015)). And service on Reed's alter ego is service on Reed. *Cf., e.g., Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 405 (7th Cir. 1986) (explaining that service on a corporation's alter ego is service on the corporation); *I.A.M. Nat'l Pension Fund v. Wakefield Ind. Inc.*, 699 F.2d 1254, 1259 (D.C. Cir. 1983); *Delta Constructors, Inc. v. Roediger Vacuum, GmbH*, 259 F.R.D. 245, 249 (S.D. Miss. 2009).[2] Thus, Reed cannot escape the Sanctions Order on the ground that the Sanctions Motions was not directly served upon him.

---

[2] The cases cited above were addressing service under Federal Rule of Civil Procedure Rule 4, but they are nonetheless instructive. Bankruptcy Rule 9011 provides that that a sanctions motion "shall be served as provided in Rule 7004." Bankr. R 9011(c)(1)(A). And Bankruptcy Rule 7004 incorporates the applicable provisions of Federal Rule of Civil Procedure 4. *See* Bankr. R 7004(a)(1) ("Rule 4(a), (b), (c)(1), (d)(1), (e)-(j), (l), and (m) [of the Federal Rules of Civil Procedure] appl[y] in adversary proceedings").

Third, Reed was subject to sanctions even though he was not a named party to, nor counsel in, the adversary proceeding. Since KWF is Reed's alter ego, the Bankruptcy Court properly held him responsible for KWF's vexatious litigation under Bankruptcy Rule 9011. *See, e.g., Aldmyr Systems, Inc. v. Friedman*, 215 F.Supp.3d 440, 464-67 (D. Md. 2016) (imposing sanctions under Federal Rule of Civil Procedure 11 on non-party sole shareholder of corporate party where corporation was shareholder's alter ego), *aff'd* 679 Fed. App'x 254 (4th Cir. 2017).[3] Moreover, the Bankruptcy Court had the inherent authority – apart from Bankruptcy Rule 9001 – to sanction Reed for his direction of KWF's vexatious litigation even though Reed was not a party. *See In Re Rainbow Magazine*, 77 F.3d 278 (9th Cir. 1996) (recognizing inherent authority of bankruptcy courts to impose sanctions upon non-parties who participate in vexatious litigation conduct). Thus, Reed is not entitled to relief from the Sanctions Order on the ground that he was not a named party to the adversary proceeding.

Finally, Reed's own conduct in the Bankruptcy Court underscores the propriety of sanctioning Reed for KWF's vexatious litigation conduct. When Reed filed his objection to the Sanctions Order, he presented arguments on behalf of KWF

---

[3] "Bankruptcy Rule 9011 is essentially identical to Rule 11, and [] courts have held that cases construing Rule 11 are applicable to Bankruptcy Rule 9011." *Munn v. Michigan Bank Port Huron*, 924 F.2d 1058 (6th Cir. 1991) (Table), 1991 WL 11266.

(and on behalf of the other Reed Affiliates). That Reed attempted to represent KWF in his *personal* objection (filed in his individual capacity and not as counsel) shows that Reed identifies with, and closely aligns himself with, KWF. And that is one additional reason that Reed may properly be held responsible for KWF's vexatious conduct.

## IV

For the reasons stated above, **IT IS HEREBY ORDERED** that the Sanctions Order is **AFFIRMED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 12, 2018


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 12, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764