UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEEPER OF THE WORD
FOUNDATION, *et al.*,

    Appellants,

v.

CHARLES H. BROWN TRUST, *et al.*,

    Appellees.
_____/

Case No. 17-cv-11660
Hon. Matthew F. Leitman

## ORDER DENYING APPELLANTS'
## MOTION FOR RECONSIDERATION (ECF #11)

On February 12, 2018, this Court entered a written order that affirmed an April 25, 2017, order of the Bankruptcy Court accessing sanctions against the Appellants for frivolous and vexatious conduct. (*See* ECF #10.) Appellants have now filed a motion that they call a "motion for reconsideration" of this Court's order. (*See* ECF #11.) For the reasons that follow, Appellants' motion is **DENIED**.

**I**

Motions for reconsideration in this Court are governed by Local Rule 7.1(h). Under that rule, "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. Local Rule 7.1(h)(1). In addition, "[g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same

1

issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. Local Rule 7.1(h)(3).

Appellants' motion fails under this rule for two reasons. First, the motion is untimely. As noted above, the Court's local rules require a motion for reconsideration to be filed no more than "14 days after entry of the [applicable] judgment or order." E.D. Mich. Local Rule 7.1(h)(1). The Court entered its order affirming the Bankruptcy Court's sanctions order on February 12, 2018. (*See* ECF #10.) Appellants therefore had until no later than February 26, 2018, to file a motion for reconsideration. Appellants missed this deadline by more than a week. The Court therefore denies the motion as untimely filed.

Second, even if the motion was timely filed, the Court would still not grant Appellants relief. None of the arguments raised in the motion for reconsideration persuade the Court that it palpably erred when it affirmed the Bankruptcy Court's sanctions order. Nor have Appellants shown that even if such a defect existed, it would have resulted in a different disposition of the case. Accordingly, even if Appellants had timely filed their motion for reconsideration, the Court would have

denied it because they have not established an entitlement to relief under the governing rule.

## II

While Appellants call their motion a "motion for reconsideration," and while they specifically ask the Court to "reconsider its Order" affirming the assessment of sanctions (Mot. for Reconsideration, ECF #11 at Pg. ID 324, 329), Appellants do not attempt to apply Local Rule 7.1 in their motion. Instead, Appellants cite various provisions of Federal Rule of Civil Procedure 60. (*See id.* at Pg. ID 324.) But Rule 60 relates to motions to set aside a judgment or order, and Appellants have not made any attempt to explain the applicable standards under Rule 60 or to apply those standards to this case. Simply put, Appellants have not shown how or why they are entitled to relief under Rule 60, and the Court will not grant them relief under that rule.

## III

For all of the reasons stated above, **IT IS HEREBY ORDERED** that Appellants' Motion for Reconsideration (ECF #11) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 6, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 6, 2018, by electronic means and/or ordinary mail.

                              s/Holly A. Monda
                              Case Manager
                              (810) 341-9764